NAPOLEON RAILEY, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, October 5, 1908.

PASSENGER CARRIERS: Negligence: Weight of Testimony: Appellate Practice. It is for the jury to weigh the consistency and accuracy of plaintiff's testimony, and an appellate court is not clothed with authority to set aside a verdict because of the preponderance of the evidence against it; that duty is lodged with the trial court alone.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

AFFIRMED.

*John Lucas* and *C. C. Madison* for appellants.

(1)   The evidence of plaintiff being confusing, the verdict of the jury against the great mass of defendant's evidence can be accounted for only upon the ground of passion and prejudice and for that reason should not be allowed to stand.   Spohn v. Railroad, 87 Mo. 74; Hipsley v. Railroad, 88 Mo. 348; Garrett v. Greenwell, 92 Mo. 120; Whitsett v. Ransom, 79 Mo. 258; Hite v. Railroad, 130 Mo. 141.   (2)   The court committed error in giving instruction numbered 3, requested by plaintiff.   Bradley v. Railroad, 138 Mo. 309; Van Horn v. Transit Co., 198 Mo. 492; Behen v. Transit Co., 186 Mo. 430; Hecker v. Railroad, 110 Mo. App. 162; Phelan v. Paving Co., 115 Mo. App. 423; Land Co. v. Tie Co., 87 Mo. App. 167.   (3)   The court erred in giving plaintiff's instruction numbered 2.   Boyd v. Transit Co., 108 Mo. App. 303; Chitty v. Railroad, 148 Mo. 65.

*Buckner & Houston* for respondent.

(1)   Even if the testimony had been published in full in appellant's abstract, this court has no authority to weight the testimony where there is any evidence to support the finding of the jury, as the jury are the sole judges of the weight of testimony and the credibility of witnesses.   It is peculiarly within the province of the trial judge to grant motions for a new trial for this reason, but where there is any evidence whatever to sustain the verdict, the appellate court has no such power. Price v. Evans, 49 Mo. 397; Reid v. Insurance Co., 58 Mo. 429; James v. Insurance Co., 148 Mo. 15; Lovenhart v. Railroad, 109 Mo. 340; Freidman v. Publishing Co., 102 Mo. App. 695; Ferrell v. Transit Co., 103 Mo. App. 457; State v. Sullivan, 110 Mo. App. 90; Woodward v. Cooney, 111 Mo. App. 162; Levels v. Railroad, 196 Nev. 606.   (2)   Replying to appellant's point num-

bered 2 criticizing plaintiff's instruction numbered 3, will say it is wholly without merit. (3) We submit the same thing applies to objection raised by appellant under point numbered 3. If the testimony which the plaintiff gave to the jury in this case was true, he was entitled to a verdict.

BROADDUS, P. J.—This is an action for injuries sustained by plaintiff in alighting from a street car of defendant in Kansas City, January 10, 1906. The plaintiff was a passenger on an east-bound Fifteenth street car of defendant, and bases his right of action upon the alleged negligence of defendant in starting its car forward while he was in the act of alighting therefrom at the intersection of Fifteenth street and Kansas avenue. The judgment was for the plaintiff from which defendant appealed. The defendant contends that the evidence of plaintiff as to how the injury occurred was so vague and indefinite as to leave the matter in doubt, while that of defendant shows that plaintiff stepped off the car while it was going at its ordinary speed.

The plaintiff testified that just after the car passed Benton Boulevard he said to the conductor: "Oh! I did want to get off here at Benton, but I will be all right; just be sure to let me off at Kansas." That the conductor said: "All right." That at the time he was standing inside of the car close to the rear door. He then went on to state as follows: "He did halt; he halted; he stopped, as I asked him, when we got to Kansas, but he did not stop you know, but hardly more than a minute; and after I told him, you know, and he said, "All right" why, when she stopped, you know, why then I made a step; this foot; I aimed to step with this foot you know (indicating) ; and before I could get my handhold, you know, it dashed me, you know; it went off so quick, you know, and it throwed me out,

you know, on that side, you know, and just split my skull, you know." In answer to further questioning he said; the car was standing still while he was on the platform preparing to get off. His language was: "It stopped right still, you know, but it didn't stop but a little time, not long enough for me to get off." The occurrence was a little after six o'clock p. m. and dark at that time of the year. On cross-examination among other matters he was asked if he was not at the front of the car instead of the rear platform when he attempted to get off, to which he answered: "No."

The only witness other than plaintiff who testified in his behalf was John Baker. It may be gathered from his testimony, however that the car stopped before it crossed Kansas avenue, and that just as the plaintiff was in the act of getting off it started and he was thrown onto the street. The evidence of this witness as well as that of the plaintiff was both indefinite and inconsistent. While the former stated that the car did not stop he also stated that it did. He was an ignorant negro and appears to have been unusually voluble even for one of his race, to which circumstance may be attributed his want of consistency and accuracy. It was for the jury to weigh his testimony and to give it that degree of credibility to which it was entitled.

The defendant's two conductors, and motorman and several other witnesses all testified that the car did not stop, and that plaintiff attempted to alight while it was in motion. The testimony of these witnesses was clear and positive and ought to have been effective in producing a different verdict. But as there was evidence to sustain the verdict rendered we are concluded by it. We are not clothed with the authority to set aside the verdict of a jury because the preponderance of the evidence is against its finding. That duty is lodged in the trial court alone.

The defendant urges objections to some of plaintiff's instructions. It is sufficient to say that they are entirely hypercritical and have no substantial foundation. Affirmed. All concur.